## GOLDSBORO STORAGE AND WAREHOUSE COMPANY v. B. L. DUKE et al.

*Landlord and Tenant— Lessor and Lessee—Notice of Intention to Cancel Lease— Withdrawal.*

Where a lessor under a power contained in the lease gives notice ·to lessee of his intention to cancel the lease and take possession at the end of thirty days, for non-payment of rent, such notice is not an offer which may be accepted by the tenant and thus made irrevocable, but the lessor may withdraw it and sue for the rent.

CIVIL ACTION, tried at October Term, 1894, of WAYNE Superior Court, before *Bynum, J.*, and a jury. The action was brought to recover installments of rent reserved on a lease of certain warehouse property in Goldsboro by the

plaintiff to the defendant, B. L. Duke, which became due December 1st, 1893, and January 20, 1894.

The clause of the lease upon which the controversy arose, is as follows :

"On failure of said B. L. Duke to pay said rents when due, said Storage and Warehouse Co. shall have power to terminate this lease and shall have a right of entry and possession to said leased property at the expiration of thirty days after a notification of said B. L. Duke of such neglect to pay any semi-annual payment."

On December 19, 1893, the plaintiff notified the defendant B. L. Duke and the other defendants to whom he had made a general assignment for the benefit of creditors, that the installment of rent due December 1st, 1893, was due and unpaid and that unless the same should be paid on or before the 20th day of January, 1894, the plaintiff would, under the powers reserved in the lease, enter upon the property and take possession of the same.

On December 26, 1893, the defendant trustees sent to the plaintiff their reply, as follows :

" Your agent, Mr. Peterson, was in this city December 19th and made us a proposition in regard to the warehouse which we cannot accept. We at the same time recognize your right to enter and take possession of the property and terminate the lease."

On December 30, 1893, the plaintiff wrote to defendants withdrawing the notice of December 19th, 1893, and notifying them that it would not insist upon a forfeiture of the lease nor re-enter upon the property, but would insist upon the payment of the rent accrued and accruing.

It was in evidence that no offer to surrender possession of the property to plaintiff or tender of the keys was made to plaintiff until after December 30th, 1893. It was also in evidence that the plaintiff has never been in possession

of the property since the execution of the lease. There was evidence that defendants used the leased property for storage of cotton after January, 1894, and until June, 1894.

The following issues were submitted to the jury:

"1. Was the lease mentioned in the complaint terminated?

"2. If so, when?

"3. What amount is plaintiff entitled to recover?"

His Honor charged the jury that upon the whole evidence, if they believed it they should find the first issue "Yes," the second "December 20, 1893," and the third "From the defendant Duke $702.90, with interest, &c." Plaintiff excepted to the instructions and appealed from the judgment which was given on the verdict rendered in accordance therewith.

*Aycock & Daniels*, for plaintiff (appellant).
*Fuller, Winston & Fuller*, for defendant.

CLARK, J.: This case is governed by *Patrick* v. *Railroad*, 93 N. C., 422. The notice is not an offer, which the lessee could accept and thereby make irrevocable. It was a notice of proposed action under the contract which by its terms the lessee could avoid by payment in 30 days of the rent due. The recall of the notice is not an attempted renewal of an ended contract but the withdrawal of a notice in pursuance of which it might soon have ended. *Patrick* v. *Railroad, supra*, p. 428.

It is not necessary to repeat the strong reasoning of SMITH, C. J., in that case. The notice could have been withdrawn at any time before the day named for it to take effect. It was *vox emissa sed non irrevocabilis*.